IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-513-RJC

| KAREEM ABDULLAH KIRK, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | ORDER |
| ALVIN W. KELLER, JR., | ) | |
| Respondent. | ) | |

**THIS MATTER** comes before the Court upon Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1).

## I. PROCEDURAL HISTORY

On April 27, 2011, Petitioner was convicted in Mecklenburg County, North Carolina, of abduction of a child by enticement and statutory rape. (Doc. No. 1 at 1). Petitioner was sentenced to 34 years in prison. (Id.). Petitioner does not reveal whether he has challenged his convictions and sentences by way of a direct appeal or collateral attack in the state courts.

On September 18, 2011, Petitioner filed the instant action claiming that North Carolina did not have jurisdiction to prosecute and does not have jurisdiction to imprison him. (Id. at 2). For the reasons stated herein, Petitioner's § 2241 Petition shall be dismissed.

## II. LEGAL STANDARD

Rule 4 of the Rules Governing § 2254 Cases directs the district court assigned a habeas petition to examine it promptly. When it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition. Rules Governing Section 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254; see also Rule

1(b), 28 U.S.C. foll. § 2254 (applying the rules pertaining to §2254 proceedings to habeas petitions brought pursuant to §2241).

III. DISCUSSION

"[A] state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus." Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). Petitioner filed his habeas petition pursuant to 28 U.S.C. 2241, which allows for issuance of the writ when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c)(3). But because Petitioner is in custody pursuant to the judgment of a state court, he must seek relief by way of 28 U.S.C. § 2254. See Ferrell v. Warden of Lieber Correctional Inst., No. 9:10-1223, 2010 WL 3258297, at * 3 (D.S.C. June 28, 2010) (Marchant, Mag.) ("[B]ecause Petitioner is in custody pursuant to the judgment of a state court, he cannot evade the procedural requirements of 28 U.S.C. § 2254 by filing an action purporting to be a § 2241 petition."); Catlett v. Ballard, No. 2:10-cv-00850, 2011 WL 320916, at *2 (S.D. W. Va January 28, 2011) ("[F]ederal law requires inmates challenging the validity of their confinement pursuant to a state court's judgment to proceed under 28 U.S.C. § 2254."); see also Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001) (concluding that § 2254, rather than § 2241, was the appropriate vehicle for proposed habeas claims of "person in custody pursuant to the judgment of a State court").

IV. CONCLUSION

For the foregoing reasons, Petitioner's § 2241 action will be dismissed without prejudice to his filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Additionally, the undersigned concludes that Petitioner has not satisfied the legal standard for issuance of a certificate of appealability. See Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. §

2254 (requiring that the district court issue or deny a certificate of appealability when it enters a final order adverse to a petitioner); Rule 1(b), 28 U.S.C. foll. § 2254 (applying the rules pertaining to §2254 proceedings to habeas petitions brought pursuant to §2241).

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When relief is denied on procedural grounds, a petitioner satisfies this standard by demonstrating both that reasonable jurists would find the district court's dispositive procedural ruling debatable or wrong and that the petition states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner has done neither. Consequently, the Court will not issue a certificate of appealability in this case. See id.

**IT IS, THEREFORE, ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE** to Petitioner bringing his claims in a 28 U.S.C. § 2254 habeas petition.

Signed: October 28, 2011

Robert J. Conrad, Jr.
Chief United States District Judge